Irene ROERS, et al., Respondents,

v.

Paul ENGEBRETSON, M.D.,
et al., Appellants,

Alexandria Radiology, Defendant.

No. C7–91–878.

Court of Appeals of Minnesota.

Jan. 7, 1992.

Terry L. Wade, Peter A. Schmit, Anne E. Workman, Robins, Kaplan, Miller & Ciresi, St. Paul, for respondents.

William M. Hart, Robert M. Frazee, Meagher & Geer, Minneapolis, for appellants.

Considered and decided by DAVIES, P.J., and PETERSON, and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

This appeal arises from a common law negligence lawsuit where the injured party was not expected to live long after the trial. Appellants Paul Engebretson, M.D. and Alexandria Clinic, P.A. challenge recovery by respondent Daryl Roers, the spouse of the injured party, Irene Roers, for the portion of future loss of consortium damages resulting from the shortening of Mrs. Roers' life expectancy by the injury. Mr. Roers has noticed review of the jury's finding that Mrs. Roers was 30% contributorily negligent. We affirm.

## FACTS

In May 1987, Mrs. Roers went to Dr. Engebretson at the clinic because she had

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn.Const. art. VI, § 2.

found a lump in her breast through self-examination. On referral by Dr. Engebretson, Alexandria Radiology gave Mrs. Roers her third mammogram in four years. Dr. Engebretson did not recommend treatment at that time. It was disputed at trial whether Dr. Engebretson told Mrs. Roers to come back in six months for a follow-up examination.

Mrs. Roers returned to see Dr. Engebretson at the clinic in August 1988 because she thought the lump in her breast had grown. Dr. Engebretson diagnosed breast cancer. Mrs. Roers underwent mastectomies, radiation therapy and chemotherapy. Subsequently, it was determined her cancer was incurable.

On May 21, 1990, the Roers sued Dr. Engebretson, the clinic and Alexandria Radiology. On December 18, 1990, the trial court granted the Roers' motion to accelerate the trial because Mrs. Roers was not expected to live more than a few months longer.

Alexandria Radiology settled with the Roerses prior to the jury trial. The jury awarded Mrs. Roers past general damages of $75,000 and future general damages of $100,000. The jury awarded Mr. Roers past loss of consortium damages of $25,000 and future loss of consortium damages of $330,000. The jury apportioned 40% fault to Dr. Engebretson and the clinic, 30% fault to Alexandria Radiology and 30% fault to Mrs. Roers.

The trial court later denied motions of Dr. Engebretson and the clinic for a new trial on the issue of future loss of consortium and motions of the Roerses for judgment notwithstanding the verdict on the issue of Mrs. Roers' contributory negligence. Mrs. Roers died on May 7, 1991.

Dr. Engebretson and the clinic appeal. Mr. Roers has noticed review.

## ISSUES

1. Where an injured party is not expected to live long after trial of a common law negligence action, must the injured party's spouse bring a wrongful death action to recover damages for future loss of consortium resulting from the shortening of the injured party's life expectancy by the injury?

2. Does the evidence support the jury's finding that Mrs. Roers had contributory negligence of 30%?

## ANALYSIS

1. Appellants argue Mr. Roers' damages for future loss of consortium resulting from Mrs. Roers' early death are recoverable only in a wrongful death action. We disagree.

Minnesota's wrongful death statute "is remedial in character." *Fussner v. Andert*, 261 Minn. 347, 354, 113 N.W.2d 355, 359 (1961).

> The cause of action for wrongful death is a statutory creation intended to correct the inequity which existed at common law whereby civil recovery was allowed for wrongful personal injury but not wrongful death.

*Eisert v. Greenberg Roofing & Sheet Metal Co.*, 314 N.W.2d 226, 228 (Minn.1982) (footnote omitted). The wrongful death statute allows suit if death results from a wrongful act. *See* Minn.Stat. § 573.02 (1990).

The first requirement for applying the wrongful death statute is that the injured person in fact be dead. *Id.* Under the wrongful death statute, a suit cannot be brought while the injured party is still living. *Id.* To force a party to wait until the injured party's death to bring suit is inconsistent with the remedial purpose of the wrongful death statute.

Requiring a wrongful death action is also inconsistent with Minnesota law surrounding future loss of earnings due to death. In Minnesota, the measure of future loss of earnings is the life expectancy of the injured party *before* the injury. *Hallada v. Great N. Ry. Co.*, 244 Minn. 81, 95, 69 N.W.2d 673, 685 (1955), *overruled on other grounds, Busch v. Busch Constr., Inc.*, 262 N.W.2d 377, 397 (Minn.1977). A plaintiff is entitled to damages for the loss of future earnings resulting from a reduction in the number of years the plaintiff's earning capacity "would have continued undimin-

ished" had the plaintiff not been injured. *Id.*

■ Minnesota is within a majority of jurisdictions that measure future loss by pre-injury life expectancy. *See Joint E. & S. Dist. Asbestos Litigation,* 726 F.Supp. 426, 429 (E.D.N.Y.1989). Generally, life expectancy is computed at the time of the tort in states where damages in a common law action are not doubly recoverable in a wrongful death action. *Id.* at 430. Minnesota is such a state. *Mattfeld v. Nester,* 226 Minn. 106, 32 N.W.2d 291 (1948).

■ Based on the above principles, we hold that future loss of consortium due to death is recoverable at common law while the injured party is living.

We also note the trial court did not err in telling the jury to measure Mr. Roers' future loss of consortium from the date of the verdict until his death. Mr. Roers had a shorter life expectancy at the time of the tort than Mrs. Roers. Whatever the measure of Mrs. Roers' life expectancy, Mr. Roers could not recover for loss of consortium for longer than his own life expectancy.

■ 2. There is no merit to Mr. Roers' argument that the evidence does not support the jury's finding Mrs. Roers was 30% contributorily negligent. Mr. Roers argues there was no showing of a causal connection between any negligence of Mrs. Roers in failing to return to the doctor and her injury. We disagree. The jury heard competent expert testimony from which it could conclude Mrs. Roers' nine-month delay in returning to Dr. Engebretson allowed the tumor to more than double in size and decreased her chances of survival by 75%.

## DECISION

The trial court did not err in allowing the jury to award the portion of damages for future loss of consortium resulting from the shortening of Mrs. Roers' life expectancy by the injury. The evidence supported the jury finding that Mrs. Roers was contributorily at fault.

Affirmed.